UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DERRICK MILLER,

               Plaintiff.

       -against-

THE CITY OF NEW YORK,
POLICE OFFICER JOSEPH CHAMBERS,
SEARGENT ABRAMSON, POLICE
OFFICER SEPULVEDA, and POLICE
OFFICER JOHN DOE,
Individually and in their Official Capacities,

             Defendants.

-----------------------------------------------------------x

# 10 CIV 7325

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, DERRICK MILLER, by and through his attorneys, **Fisher, Byrialsen &**

**Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of

Defendants THE CITY OF NEW YORK, POLICE  OFFICER JOSEPH CHAMBERS,

SEARGENT ABRAMSON, POLICE OFFICER SEPULVEDA, and POLICE OFFICER JOHN

DOE, as Officers of the New York City Police Department, acting under color of state law and

pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of

1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth,

Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New

York.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4.  Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

7.  At the time of his wrongful arrest, Plaintiff was a resident of Albemarle, North Carolina. Currently Plaintiff is a resident of Bronx, New York.

2

8. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, Defendants POLICE OFFICER JOSEPH CHAMBERS, SEARGENT ABRAMSON, POLICE OFFICER SEPULVEDA, and POLICE OFFICER JOHN DOE, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the Defendants POLICE OFFICER JOSEPH CHAMBERS, SEARGENT ABRAMSON, POLICE OFFICER SEPULVEDA, and POLICE OFFICER JOHN DOE, were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

3

## FACTS

12. On September 26, 2009, at approximately 12:25 a.m. Plaintiff Derrick Miller had left his uncle's house at 108th Street and Madison Avenue to pick up some food for his uncle at a 24 hour restaurant located at 105th Street and 2nd Avenue.

13. Mr. Miller, an African American male, was simply walking eastbound on the public sidewalk of 106th Street towards Second Avenue on the south side of the street in New York, NY.

14. At the time of and prior to his arrest Plaintiff had not engaged in any illegal or suspicious activities.

15. At the time of and prior to his arrest Plaintiff did not possess a criminal weapon.

16. Police Officer Joseph Chambers was on plain-clothed patrol with his partners, Sergeant Abramson and Officer Sepulveda, in an unmarked car driving westbound on 106th Street in New York, NY.

17. When Mr. Miller was walking on 106th Street towards Second Avenue, the officers approached Mr. Miller and pushed him up against a gate.

18. Mr. Miller's innocuous behavior did not provide the defendant officers with any basis to approach and request information from him.

19. Officer Chambers claimed that he saw a bulge in Mr. Miller's pocket and at that time asked Mr. Miller if he had "any weapons on him, anything that could hurt me."

20. Mr. Miller was fully cooperative and non-combative in response to Chambers' inquiry and responded that he had a knife in his pocket.

21. Officer Chambers had no basis to believe that the particular knife to which Mr. Miller referred was an illegal weapon.

4

22. Defendant Chambers then reached in and retrieved a closed knife from Mr. Miller's pocket.

23. Mr. Miller was placed in handcuffs.

24. Mr. Miller informed Defendant Chambers that he used the knife for work and gave the officer his supervisor's phone number, so that he could call him and verify that the knife was in fact used for work.

25. To determine whether the knife was an illegal knife, Defendant Chambers held the knife and flicked his wrist many times in an effort to open the knife.

26. The Officer concluded that it was a gravity knife.

27. Mr. Miller was placed in a police car and driven to the 23rd precinct.

28. Mr. Miller remained at the 23rd precinct for many hours.

29. Mr. Miller was subsequently transferred to another precinct where he remained for approximately seven hours.

30. Mr. Miller was then brought to Central Booking and arraigned before a judge in New York County Criminal Court at approximately 11 a.m. on or about September 27, 2009.

31. Plaintiff was charged with Criminal Possession of a Weapon in the third degree.

32. Bail was set for $2,500 (two thousand five hundred dollars).

33. Mr. Miller's Parole Officer in North Carolina was contacted regarding the instant arrest and decided to remand Plaintiff to custody because of the instant arrest.

34. Mr. Miller was not permitted to be released on bail and was ordered to be held at Manhattan Detention Center.

35. After Mr. Miller was held in custody for 59 (fifty nine) days, on November 24, 2009, Mr. Miller's criminal defense attorney presented New York Criminal Court Judge Farber with

5

the sentencing minutes from Mr. Miller's 2001 sentencing, which indicated that Mr. Miller was in fact not on parole.

36. On November 24, 2009, Judge Farber ordered that Mr. Miller's parole hold be removed.

37. Mr. Miller, however, spent an additional 21 (twenty one) days in custody until the parole hold was finally removed on December 15, 2009 and he was released on $1,250 (one thousand two hundred fifty dollars) cash bail.

38. Mr. Miller had to return to court on three separate occasions following his release, including a suppression hearing before Honorable Robert Stolz on March 16, 2010.

39. On March 18, 2010, Hon. Stolz issued his decision and ordered that the knife be suppressed and found that the seizure of the knife was unlawful and that the police did not have probable cause for the search and subsequent arrest.

40. The charges against the Plaintiff were subsequently dismissed.

41. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

42. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

44. All of the aforementioned acts deprived PLAINTIFF MILLER of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eight,

6

and Fourteenth Amendments to the Constitution of the United States and in violation of 42
U.S.C. § 1983.

45. The acts complained of were carried out by the aforementioned individual
Defendants in their capacities as police officers, with the entire actual and/or apparent authority
attendant thereto.

46. The acts complained of were carried out by the aforementioned individual
Defendants in their capacities as police officers, pursuant to the customs, usages, practices,
procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of
said department.

47. Defendants, collectively and individually, while acting under color of state law,
engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her
respective municipality/authority, which is forbidden by the Constitution of the United States.

48. By these actions, these Defendants have deprived Plaintiff of rights secured by the
Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation
of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

### SECOND CLAIM FOR RELIEF:
### FALSE ARREST

49. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs
with the same force and effect as though fully stated herein.

50. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an
illegal, improper, and false seizure and arrest by the Defendants and taken into custody and
caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the
Defendants in criminal proceedings, without any probable cause, privilege, or consent.

7

51. As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

52. All of the aforementioned acts of the Defendants constituted a violation of Plaintiff's civil rights as provided to him under the United States Constitution and under 42 U.S. C. § 1983.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

53. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

54. As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

55. All of the aforementioned acts of the Defendants constituted a violation of Plaintiff's civil rights as provided to him under the United States Constitution and under 42 U.S. C. § 1983.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION

56. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

57. By the actions described above the defendants maliciously and without probable cause, prosecuted the Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and Constitution of the State of New York.

8

58. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered loss of wages, great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

59.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

60. Defendant Police Officers stopped, searched and arrested Plaintiff without reasonable suspicion or probable cause, notwithstanding their knowledge that said actions would jeopardize Plaintiff's liberty, well-being and constitutional rights.

61. Defendants Sergeant Abramson, Police Officer Sepulveda, and Police Officer John Doe failed to protect Plaintiff from the violation of his civil and constitutional rights by Defendant Police Officer Joseph Chambers actions against Plaintiff.

62. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

64. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

9

65. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff Derrick Miller.

66. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

70. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

71. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

        a.    Not to be deprived of liberty without due process of law;

10

b.  To be free from unreasonable search and seizure under the Fourth and

Fourteenth Amendments to the United States Constitution;

c.  To be protected against violations of his civil and constitutional rights;

d.  Not to have cruel and unusual punishment imposed upon him; and

e.  To receive equal protection under the law.

### TENTH CLAIM FOR RELIEF:
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### UNDER 42 U.S.C. § 1983, 1985, 1986

72. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

73. All the defendants, acting with each other individually and on behalf of and under the auspices and control of the City, and under color of law, conspired to injure plaintiff in his person and property and deprive plaintiff of his First, Fourth, Fifth and Fourteenth Amendment rights. The defendants jointly caused such deprivation of rights by acting in concert to disseminate false information concerning the plaintiff and by disseminating false information that lacked any reasonable basis or probable cause to support it that the plaintiff committed a crime, and/or to charge him with a crime, and/or to arrest him.

74. The defendants further deprived the plaintiff of his due process rights specifically by conspiring to and assisting in the arrest of the plaintiff without probable cause and participating in the prosecution of plaintiff; by denying the plaintiff his First, Fourth, Fifth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiff of his liberty and taking his property without due process and compensation; conspiring together to cover up the misconduct they

committed; and preventing the plaintiff from being compensated for his wrongful arrest, for the loss of his constitutional rights, the loss of his job and for the emotional harm he incurred.

75. The aforesaid actions by the defendant police officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

76. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

77. The defendants knew or should have known that the misconduct and false and fabricated accusations and/or charges against plaintiff were violative of his First, Fourth, Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

78. Said defendants had the power to prevent the continued due process violations against the plaintiff, yet had failed to prevent the dissemination of false information and/or to dismiss the fabricated accusations and charges against plaintiff, and/or to protect the plaintiff from the unwarranted and potential harm and penalties of said charges.

79. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive plaintiff of his federal civil and constitutional rights, in violation of 42 U.S.C. § 1985.

12

80. All of the aforementioned acts of Defendants constituted a violation of Plaintiff's civil rights provided to him under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:      New York, New York
            September 23, 2010

Respectfully submitted,

Alissa Boshnack, Esq. (AB0977)
FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(347) 289-5101

13