UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DERRICK MILLER,

                                          Plaintiff,                **PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1**

           -against-

THE CITY OF NEW YORK, et. al.                       10-CV-7325 (JPO)

                                  Defendants.

------------------------------------------------------------------------x

Plaintiff Derrick Miller submits this statement pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York to set forth the material facts as to which plaintiff contends there are no genuine issues to be tried.[1]

1. Plaintiff's knife has a bias to close. (<u>Exhibit J</u>, Expert Report of James W. Furgal, p. 3).

2. The spring in plaintiff's knife exerts pressure on the blade in the "locked" position and keeps it from opening while not in use. (<u>Exhibit J</u>, Expert Report of James W. Furgal, p. 3).

3. Judge Stolz determined that Chambers' seizure of Mr. Miller's knife was unlawful and his Fourth Amendment Rights were violated. (<u>Exhibit H</u>, Suppression Hearing Decision, p. 6:9-14).

4. Plaintiff has sought compensatory damages for his arrest and pre-arraignment detention. (<u>Exhibit L</u>, Complaint p. 1-13).

5. Plaintiff has raised a false arrest claim. (<u>Exhibit L</u>, Complaint p. 7-8).

---

[1] Plaintiffs reserve the right to dispute several of the factual contentions set forth herein at trial in this matter.

6. Officer Sepulveda believes that if a knife does not flick open on the first attempt, then it is not a gravity knife. (Exhibit I, Sepulveda Dep., p. 82:15-19).

7. Plaintiff was issued the knife by his employer, Tyson Foods. (Exhibit B, Miller Dep., p. 37:13-21).

8. Mr. Miller's knife is a lock-back utility knife. (Exhibit J, Expert Report of James W. Furgal, p. 3)

9. The design of Mr. Miller's knife is a common design. (Exhibit J, Expert Report of James W. Furgal p. 3)

10. The number of knives sold in the U.S. like Mr. Miller's knife exceeds 5 million. (Exhibit J, Expert Report of James W. Furgal p. 3)

11. Officer Chambers was Mr. Miller's arresting officer and he signed the criminal complaint. (Exhibit M, Criminal Complaint).

12. Abramson was the supervisor for Mr. Miller's arrest. (Exhibit N, NYPD Omniform System Arrest Report, NYC 7-8, p. 8).

13. Abramson, Chambers and Sepulveda all participated in plaintiff's arrest. (Exhibit O, Sepulveda memobook; Exhibit P, Chambers memobook; Exhibit Q, Abramson memobook.)

14. The Assistant District Attorney wrote down that Mr. Miller stated he used the knife for protection. (Exhibit D, DA Datasheet).

15. The Assistant District Attorney intake notes reflect that Mr. Miller stated he used the knife for protection. (Exhibit D, DA Datasheet).

16. Mr. Miller never told police officers that he used the knife for protection. (Exhibit B, Miller Dep., p. 35:15-17, 42:9-11).

17. The Assistant District Attorney would have received the information regarding the plaintiff's alleged statement that he used the knife for protection from the officers. (<u>Exhibit C</u>, Chambers Dep., p 111:22 – p. 112:3).

18. Plaintiff is an African American male. (<u>Exhibit L</u>, Complaint, ¶ 13).

19. Chambers has never attended a training course regarding identifying gravity knives. (<u>Exhibit C</u>, Chambers Dep., p. 118:24-119:2).

20. Chambers has never had on the job training about how a gravity knife opens. (<u>Exhibit C</u>, Chambers Dep., p.120: 6-9).

21. Sepulveda was never trained how to test a gravity knife. (<u>Exhibit I</u>, Sepulveda Dep., p. 79: 13-19).

22. Plaintiff was stopped and frisked. (<u>Exhibit A</u>, Stop and Frisk report).

23. Plaintiff was incarcerated from the date of the arrest until he was released on bail on December 7, 2009. (<u>Exhibit S</u>, Court Docket Sheet.)

24. All charges against plaintiff were dismissed and sealed. (<u>Exhibit T</u>, Certificate of Disposition).

Dated: New York, New York
June 29, 2012

                                                                                /S/
Alissa Boshnack, Esq.
FISHER, BYRIALSEN & KREIZER, PLLC
291 Broadway, Suite 709
New York, New York 10007
T: (212) 962-0848
F: (212) 577-1178

cc:     <u>VIA ECF and FIRST CLASS MAIL</u>

David Pollack, Esq.
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007